EXHIBIT A



Suite 240
580 Middletown Blvd
Langhorne, PA 19047

# TATE & KIRLIN ASSOCIATES, INC.
*Toll Free (866)520-3790 • (215)253-4351*
*www.paytka.com*



Katrina Maxwell
GARFIELD, NJ 07026-1219

| | |
|---|---|
| Original Creditor: | WEBBANK |
| Creditor: | LVNV FUNDING LLC |
| Previous Creditor: | BLUESTEM BRANDS INC. |
| Account Number: | xxxxxxxxxxxx1849 |
| TKA Account #: | 33325999 |
| Total Due: | $144.41 |

February 21, 2018

This account has been listed with our office for collection. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**PLEASE SEE ADDITIONAL PAGE(S) FOR IMPORTANT PRIVACY NOTICE**

*LVN-33325999*

MAR 29 2018

---

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

February 21, 2018
Katrina Maxwell

GARFIELD, NJ 07026-1219

Please indicate any address changes below:

Address: _____
City, State, Zip: _____
Home Phone #: _____
Business Phone #: _____

**IF PAYING BY CREDIT CARD PLEASE FILL OUT BELOW**

| VISA | CARD NUMBER | EXP. DATE |
|---|---|---|
| | SIGNATURE | |
| | AMOUNT | CVV/CID (Digit Verification Code on Back of Card) |

| | |
|---|---|
| Original Creditor: | WEBBANK |
| Creditor: | LVNV FUNDING LLC |
| Previous Creditor: | BLUESTEM BRANDS INC. |
| Account Number: | xxxxxxxxxxxx1849 |
| TKA Account #: | 33325999 |
| Total Due: | $144.41 |



**Tate & Kirlin Associates, Inc.**
Suite 240
580 Middletown Blvd
Langhorne, PA 19047

Q311
TKHL.w10
878537 - 00000618
Page 1 of 2

BER-DC-004620-18   03/22/2018 2:33:54 PM   Pg 1 of 2  Trans ID: SCP2018625819



| Court's Address and Phone Number:<br>BERGEN Special Civil Part<br>10 MAIN STREET<br>HACKENSACK, NJ 07601-0000<br>201-527-2700 | Superior Court of New Jersey<br>Law Division, Special Civil Part<br>BERGEN County<br>Docket No: BER-DC-004620-18<br>Civil Action<br>TORT-OTHER |
|---|---|

## YOU ARE BEING SUED!

| Person or Business Suing You (*Plaintiff*)<br>Katrina Maxwell<br><br>**Plaintiff's Attorney Information**<br>DANIEL ZEMEL<br>ZEMEL LAW<br>78 JOHN MILLER WAY STE 430<br>KEARNY, NJ 07032-0000<br>862-227-3106 | Person or Business Being Sued (*Defendant*)<br>Tate & Kirlin Associates, Inc.<br><br>**The Person or Business Suing You Claims You Owe the Following:**<br>Demand Amount  $1000.00<br>Filing Fee  $50.00<br>Service Fee  $7.00<br>Attorney's Fees  $0.00<br>**TOTAL**  **$1057.00** |
|---|---|

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

<u>IF YOU DISAGREE</u> WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 05/03/2018, OR THE COURT MAY RULE AGAINST YOU. IF YOU <u>DISAGREE</u> WITH THE PLAINTIFF, YOU MUST DO <u>ONE OR BOTH</u> OF THE FOLLOWING:

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site <u>njcourts.gov</u> under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey*. Include **BER-DC-004620-18** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **05/03/2018**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before **05/03/2018**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-487-2166. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-488-0044. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith
Clerk of the Superior Court



|  Dirección y teléfono del tribunal<br>Parte Civil Especial de BERGEN<br>10 MAIN STREET<br>HACKENSACK, NJ 07601-0000<br>201-527-2700 | El Tribunal Superior de Nueva Jersey<br>División de Derecho, Parte Civil Especial<br>Condado de BERGEN<br>Número del expediente BER-DC-004620-18<br>Demanda de Acción Civil<br>NOTIFICACIÓN DE DEMANDA<br>TORT-OTHER |
|---|---|

## ¡LE ESTÁN DEMANDANDO!

| Persona o entidad comercial que le está demandando *(el demandante)*<br>Katrina Maxwell<br><br>**Información sobre el abogado del demandante**<br>DANIEL ZEMEL<br>ZEMEL LAW<br>78 JOHN MILLER WAY STE 430<br>KEARNY, NJ 07032-0000<br>862-227-3106 | Persona o comercial ser demandada *(el demandado)*<br>Tate & Kirlin Associates, Inc.<br><br>La persona o comercial que le está demandando afirma que usted le debe lo siguiente:<br>Cantidad a la vista                $1000.00<br>Tasa judicial                          $50.00<br>Cargo del emplazamiento             $7.00<br>Honorarios del abogado              $0.00<br>**TOTAL                             $1057.00** |

**PARA USO EXCLUSIVO DEL PODER JUDICIAL**

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado. Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 05/03/2018 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:

1. *Responder a la demanda.* Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: *"Treasurer, State of New Jersey"* (Tesorero del Estado de Nueva Jersey). Incluya BER-DC-004620-18 (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **05/03/2018**.

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **05/03/2018**.

Nota – Puede que usted quiera conseguir que un abogado para que lo represente. Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 201-487-2166. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 201-488-0044. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ Michelle M. Smith
Subsecretario(a) del Tribunal Superior

Daniel Zemel, Esq. ID# 111402014
Nicholas Linker, Esq. ID# 321521
Zemel Law LLC
78 John Miller Way Suite 430
Kearny, NJ 07032
Tel: (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff

| | |
|---|---|
| Katrina Maxwell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Tate & Kirlin Associates, Inc.,<br><br>　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – SPECIAL CIVIL<br>BERGEN COUNTY<br><br>Case No.:<br><br><br>COMPLAINT |

Plaintiff, Katrina Maxwell (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. Plaintiff is a resident of New Jersey, and the cause of action arose in New Jersey. As such, this Court has jurisdiction and venue over this action pursuant to R. 6:1-3.

## PARTIES

3. Plaintiff is a natural person, a resident of Garfield, New Jersey, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.



4.  Defendant Tate & Kirlin Associates, Inc. ("TKA") is a corporation doing business in the State of New Jersey, with its corporate address as 580 Middletwon Blvd, Suite 240, Langhorne, Pennsylvania 19047, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

5.  On a date better known by Defendant, Plaintiff incurred a debt from personal, familial, or household use.

6.  In a letter dated February 21, 2018, Defendant sent an initial dunning letter to Plaintiff in an attempt to collect said debt, attached hereto as Exhibit A.

7.  The dunning later states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

8.  Upon reading the letter, the least sophisticated consumer would not know that the dispute must be in writing, as mandated by the Third Circuit. *See Graziano v. Harrision*, 950 F.2d 107 (3d Cir. 1991).

9.  Specifically, the use of the word "If" in the mandatory validation notice conveys to the consumer that the notification in writing is optional. The consumer may believe that he or she may dispute the debt orally. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. 17-7472, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017).

10. Additionally, the statement "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid" fails to clarify the meaning of "receipt", as the least sophisticated consumer may interpret "receipt" as tantamount to any number of things (i.e., the date the letter was placed in the mailbox, the date the consumer first became aware of the sealed letter; the date the consumer first opened and/or read the letter, etc.).

11. To satisfy the mandatory notice requirements of § 1692g(a)(1)-(5), a debt collector must ensure that notice of the right to dispute is actually conveyed to the consumer, and that the notice is conveyed effectively. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) ("the required notice must also be conveyed effectively to the debtor.").

12. Merely quoting the statutory language does not adequately inform the consumer of his or her rights, let alone the nuances involved in exercising such rights. *See* Wilson, 255 F.3d at 254; *see also* McMurray v. *ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) ("Merely including the required notice in letters to consumers is not sufficient. The notice must also 'be set forth in a form and within a context that does not distort of obfuscate its meaning.'") (citation omitted).

13. To believe that the least sophisticated consumer has the ability to fully grasp the rights he or she is endowed under § 1692g(a) simply by regurgitating the statutory language in a collection letter requires *two* sweeping assumptions: (1) the least sophisticated consumer is able to interpret language which is read differently by attorneys, judges, and courts alike; and (2) the *least sophisticated consumer's* interpretation of § 1692g(a) would be the interpretation utilized by this jurisdiction.

14. As such, Defendant's letter is false, deceptive, and misleading in violation of § 1692e and fails to sufficiently inform the least sophisticated consumer of his or her rights under §1692g.



**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

15. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

16. Defendant's collection letter violates the following provisions of the FDCPA:

17. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

18. Section 1692g provides:

> **§ 1692g. Validation of Debts**
>
> (a) Notice of debt; Content. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; ; and

4

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Defendants for statutory and actual damages, along with costs, interest, and attorney's fees.

Dated:   March 22, 2018
         Kearny, New Jersey

## JURY DEMAND

Plaintiff does hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to Rule 4:25-4.

Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.



5

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

BERDC00462018
Bergen Civil Div.
10 Main Street
Hackensack NJ 07601
(201) 527-2700

USPS CERTIFIED MAIL™



9214 8969 0117 0400 0004 5772 31



00213 06
TATE & KIRLIN ASSOCIATES, INC.
580 MIDDLETOWN BLVD.
SUITE 240
LANGHORNE PA 19047

